# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Melvin A. Horne,
Plaintiff

vs

Case No. 1:07-cv-892-SJD-TSH
(Dlott, J.; Hogan, M. J.)

Sara Lee Foods
Defendant

## REPORT AND RECOMMENDATION

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. (Doc. 14). For the reasons set forth below, this motion should be granted.

Pro se plaintiff Horne initiated this action with the filing of a motion to proceed in forma pauperis and a copy of his proposed complaint. (Doc. 1). The Court granted plaintiff leave to proceed without prepayment of fees, (Doc. 2), and plaintiff's complaint was filed on October 30, 2007. (Doc. 3). Plaintiff's complaint alleges that plaintiff was injured at work due to defendant's negligent maintenance of equipment and that he was eventually discharge for taking time off from work due to the work-related injury he sustained. Plaintiff asserts claims for negligence and wrongful discharge and seeks compensatory and punitive damages.

Defendant moves to dismiss the action on the grounds that the court lacks subject matter jurisdiction over plaintiff's claims. Defendant argues that plaintiff's state law claim for negligence against his former employer is barred by Ohio Rev. Code § 4123.74 and time-barred by the applicable statute of limitations. Defendant also argues that plaintiff's complaint fails to set forth any jurisdictional basis for bringing his case to federal court. Defendant contends the complaint fails to set forth any facts demonstrating that plaintiff's claims raise a federal question under 28 U.S.C. § 1331, or that diversity of citizenship exists between the parties such that jurisdiction might be premised on 28 U.S.C. § 1332.

Under a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, defendants can attack the complaint's jurisdictional allegations even though they are formally sufficient. *Baker v. Siemens Energy and Automation, Inc.*, 838 F. Supp. 1227, 1229 (S.D. Ohio 1993)(Spiegel, J.). When the Court reviews a factual attack on subject matter jurisdiction, no presumption of truthfulness applies to the factual allegations of the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Court may rely on affidavits or any other evidence properly before it and has wide latitude to collect evidence to determine the issue of subject matter jurisdiction. *Rogers v. Stratton Industries, Inc.*, 798 F.2d 913, 915 (6th Cir. 1986). The Court is entitled to resolve factual disputes and is free to weigh the affidavits, documents and other evidentiary matters presented and satisfy itself as to its power to hear the case. *Ritchie*, 15 F.3d at 598. The Court must consider factual issues in a manner that is fair to the nonmoving party. *Rogers*, 798 F.2d at 915. Plaintiff must demonstrate jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). "Whenever it appears

by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint, even construed most liberally, fails to present allegations sufficient to establish jurisdiction based on a federal question under 28 U.S.C. § 1331. Nor does the complaint allege any facts sufficient to establish diversity of citizenship such that his claims may be pursued under 28 U.S.C. § 1332. Nothing in plaintiff's response to this Court' s Show Cause Order establishes additional allegations sufficient to support federal jurisdiction. In the absence of original jurisdiction, the Court cannot assume supplemental jurisdiction over any state law claims plaintiff may have. See 28 U.S.C. § 1367.

For these reasons, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be GRANTED and this action be DISMISSED from the docket of this Court.

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Melvin A. Horne,
Plaintiff

vs

Case No. 1:07-cv-892-SJD-TSH
(Dlott, J.; Hogan, M. J.)

Sara Lee Foods
Defendant

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 11-20-08. Any party may object to the Magistrate's findings, recommendations, and report within (10) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Melvin A. Horne<br>2443 Maplewood #M<br>Cinti, OH 45219 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7007 0710 0000 8134 9816 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

1:07cv892 (Doc.18)